UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TIM FOREMAN,

    Petitioner,

v.                                               Case No. 5:12-cv-429-Oc-30PRL

WARDEN, FCC COLEMAN- MEDIUM,

    Respondent.
_____/

## ORDER DISMISSING PETITION

Petitioner, *pro se*, is a federal prisoner at the Coleman Federal Correctional Complex within this district. Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), in which he challenges his conviction and sentence imposed in the Northern District of Oklahoma. *See United States v. Ward, et al.,* case no. 4:02-cr-135.[1] Respondent has filed a response maintaining the Petition should be dismissed because Petitioner attempts to use section 2241 to challenge the validity of his sentence. (Docs. 7).

---

[1] A federal jury found Petitioner guilty of conspiracy to commit armed bank robbery, carjacking and use of a firearm, in violation of 18 U.S.C. § 371 (count one); aiding and abetting armed robbery, in violation of 18 U.S.C. § 2 (count two); aiding and abetting the use of a firearm during the armed robbery, in violation of 18 U.S.C. § 2 (count three); aiding and abetting the carjacking of a Dodge Neon, in violation of 18 U.S.C. § 2 (count four); aiding and abetting the use of a firearm during the carjacking of the Dodge Neon, in violation of 18 U.S.C. § 2 (count five); aiding and abetting the carjacking of a Chevy truck, in violation of 18 U.S.C. § 2 (count six); aiding and abetting the use of a firearm during the carjacking of the Chevy truck, in violation of 18 U.S.C. § 2 (count seven); tampering with a witness, in violation of 18 U.S.C. § 1512 (counts nine, ten, twelve and thirteen); retaliating against a witness, in violation of 18 U.S.C. § 1513 (counts eleven and fifteen); and obstruction of justice, in violation of 18 U.S.C. § 1503 (counts fourteen and sixteen).

**Discussion**

In the Petition, the Petitioner attacks the validity of his conviction and sentence rather than the means of execution. Petitioner unsuccessfully pursued relief under 28 U.S.C. § 2255 in the sentencing court.[2] Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. *See* 28 U.S.C. § 2255. However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, <u>or that such court denied him relief</u>[.]"

The Petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). In <u>Wofford</u>, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent

---

[2]*See United States v. Foreman*, 2008 WL 4415335 *1 (N.D. Okla 2008).

>  offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal <u>or first § 2255 motion</u>.

<u>Id</u>. (emphasis added).

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." <u>Id</u>. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")). Petitioner has not demonstrated that he is entitled to pursue his claims under the savings clause pursuant to *Wofford*.

## **Conclusion**

In light of these conclusions, which unmistakably govern the disposition of the petition in this case, Petitioner is not entitled to habeas relief in this § 2241 proceeding. Accordingly, the Petition is **DISMISSED with prejudice** and the Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 16, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

c: *pro se* Petitioner
   Counsel of Record

3